# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18CV107 HEA |
| | ) | |
| BRANDON WHITLOCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00, which is reasonable based on the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice as to defendant the City of Cape Girardeau, Missouri and the County of Cape Girardeau, Missouri, and will stay plaintiff's action against the remaining defendants until final disposition of plaintiff's pending criminal action.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere

conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff, a state pretrial detainee held in the Cape Girardeau County Jail, brings this § 1983 action, alleging violations of his Fourth Amendment rights, against defendants Brendan Whitlock (Officer, Cape Girardeau Police Department); Brian Eggers (Officer, Cape Girardeau Police Department); the City of Cape Girardeau, Missouri; the County of Cape Girardeau, Missouri; Wes Blair (Chief of Police, Cape Girardeau Police Department); Christopher K. Limbaugh (Prosecuting Attorney, Cape Girardeau County); Franklin Miller (Assistant Prosecuting Attorney, Cape Girardeau County); Angel Woodruff (Assistant Prosecuting Attorney, Cape Girardeau County); and John Jordon (Sheriff, Cape Girardeau County). Plaintiff alleges that he was subjected to excessive force and an unlawful search and seizure on December 22, 2016.

Plaintiff alleges that on December 22, 2016, he and his girlfriend's brother were shopping at the Dollar General store in Cape Girardeau, Missouri. Plaintiff left the store first, and waited in his car for his girlfriend's brother. Plaintiff alleges that while he was waiting, two Cape

Girardeau Police Officers, Officer Whitlock and Officer Eggers, approached his car uttering racial epithets, opened plaintiff's car door, grabbed plaintiff, and pulled him out of the car. Plaintiff states Officer Whitlock then pushed plaintiff up against the car and, without plaintiff's consent, searched plaintiff and "found a few grams of methamphetamine in his right pocket." Plaintiff states he was taken into custody, while the officers continued making offensive racial comments toward him.

Plaintiff was released from jail on December 23, 2016, and states that he assumed he would not be charged and assumed there was no warrant out for his arrest. On March 9, 2018, however, he was arrested and charged with five counts of possession with intent to distribute methamphetamine arising out of his December 22, 2016 arrest. *See State v. Wilson*, No. 16CG-CR02278-01 (32nd Judicial Circuit, Cape Girardeau County).

Plaintiff alleges defendant Officers Whitlock and Eggers violated his Fourth Amendment rights by using excessive force and conducting an illegal search and seizure. He also asserts the City and County of Cape Girardeau have an unlawful racial profiling policy in effect that allows its officers to conduct illegal searches and seizures of individuals based upon race, and he brings claims against these entities under *Monell*. Finally, plaintiff alleges a civil conspiracy against Officers Eggers and Whitlock to deprive plaintiff of his rights under the equal protection clause.

**Discussion**

*Plaintiff's Fourth Amendment Claims of Unlawful Search and Seizure*

Plaintiff's claims of unlawful search and seizure must be stayed pending final disposition of plaintiff's pending criminal action arising out of these same facts. The United States Supreme Court has held that in order to recover damages under § 1983 for an unconstitutional conviction or imprisonment, a plaintiff must prove "that the conviction or sentence has been reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages regarding a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487. *See also Newmy v. Johnson*, 758 F.3d 1008, 1009 (8th Cir. 2014).

In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the criminal case had ended. 549 U.S. 384, 393-94 (2007). The issue in *Wallace* was the timeliness of a § 1983 suit seeking damages for an arrest that allegedly violated the Fourth Amendment. *Id.* at 386. In answering that question, the Supreme Court noted that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court explained that where "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Plaintiff alleges that Officers Whitlock and Eggers violated his constitutional rights by approaching him without probable cause, asking him to exit his vehicle, and patting him down without a warrant. The underlying Missouri criminal case against plaintiff has been docketed as *State v. Wilson*, No. 16CG-CR02278-01 (32nd Judicial Circuit, Cape Girardeau County). Plaintiff has been charged with five counts of possession with intent to distribute

methamphetamine and one count of unlawful use of drug paraphernalia arising out of this search and seizure. Plaintiff's case is set for trial on August 20, 2018.

Plaintiff's § 1983 action is based on the same set of facts and circumstances giving rise to the Missouri state criminal case currently pending before the 32nd Judicial Circuit in *State v. Wilson*, No. 16CG-CR02278-01. His § 1983 complaint includes claims of illegal search and seizure in violation of the Fourth Amendment. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence, unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486-87; *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). The Court will stay all proceedings in this case pending final disposition of the criminal charged pending against plaintiff in *State v. Wilson*, No. 16CG-CR02278-01 (32nd Judicial Circuit, Cape Girardeau County).

*Plaintiff's Claims of Excessive Force*

Plaintiff's claims of excessive force would not necessarily relate to rulings that will likely be made in plaintiff's criminal case, so the Court will address this claim separately. Plaintiff alleges Officer Whitlock used excessive force when he opened plaintiff's car door, grabbed him by the arm, and made him get out of his car. Plaintiff alleges he suffered bruises on his arm.

An excessive force claim "is analyzed under the Fourth Amendment's 'objective reasonableness' standard." *Kuha v. City of Minnetonka*, 328 F.3d 427, 434 (8th Cir. 2003) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). This test "is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "[T]he 'reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are 'objectively reasonable.'" *Graham*, 490 U.S. at 397. "[T]he nature and quality of the intrusion on the individual's Fourth Amendment interests [must be balanced] against the importance of the governmental interests alleged to justify the intrusion." *United States v. Place*, 462 U.S. 696 (1983).

Viewed in the light most favorable to plaintiff, Officer Whitlock opened plaintiff's car door, asked him to exit the vehicle, and grabbed his arm hard enough to leave a bruise. The Court's analysis of whether the use of this force was reasonable must allow "for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Molina-Gomes v. Welinski*, 676 F.3d 1149, 1152 (8th Cir. 2012). In this particular situation, the Court finds it objectively reasonable that the officer's grabbing of plaintiff's arm constituted no more force than necessary to get plaintiff out of the vehicle. Plaintiff has pointed to no facts that would cause the Court to question whether the officer's conduct was objectively

reasonable. On initial review, the Court finds plaintiff has not stated a plausible claim for excessive force, and it will dismiss these claims without prejudice.

*Plaintiff's Claims against City and County of Cape Girardeau*

Plaintiff's claims against the City and County of Cape Girardeau are legally frivolous and will be dismissed. A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, the allegedly unconstitutional action must be one that "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* In other words, the "test is whether there exists a policy, custom, or action by those who represent official policy which inflicts an injury actionable under § 1983." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). To show this, the plaintiff must first demonstrate "a continuing, widespread, persistent pattern of unconstitutional misconduct" by the defendant's employees. *S.J. v. Kansas City Mo. Pub. Sch. Dist.*, 294 F.3d 1025, 1028 (8th Cir. 2002). Next, the plaintiff must show "deliberate indifference to or tacit authorization" of the conduct by the defendant's policymaking officials, after notice to the officials of the misconduct. *Id.* Finally, the plaintiff must prove he was injured by acts pursuant to the defendant's custom, that is, "that the custom was the moving force behind the constitutional violation." *Id.*

A plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson*, 388 F.3d at 591. However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2001). Here, plaintiff alleges no facts from which the Court could infer that the conduct plaintiff is complaining of resulted from an unconstitutional policy or custom of the City or County of Cape Girardeau,

Missouri. Plaintiff states merely that "the City of Cape Girardeau, MO, County of Cape Girardeau, MO, [has] an unlawful racial profiling policy in effect that allows its officers to conduct searches and seizures of individuals without probable cause and/or without consent, based on race . . . ." Plaintiff has not alleged a continuing, widespread, persistent pattern of unconstitutional misconduct by City and County employees; he has not alleged deliberate indifference to or tacit authorization of the conduct by policymaking officials after notice of the misconduct; and he has not alleged any facts from which the Court could find that the custom was the moving force behind his alleged unlawful search and seizure. For these reasons, plaintiff's *Monell* claims against the City and County of Cape Girardeau, Missouri will be dismissed.

*Plaintiff's Claims of Civil Conspiracy*

Plaintiff brings a claim for civil conspiracy under Missouri state law and 42 U.S.C. § 1983. To plead a § 1983 claim for conspiracy, a plaintiff must allege:

> (1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. The plaintiff is additionally required to [allege] a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim.

*Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798 (8th Cir. 2013) (*quoting White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008)). To demonstrate the existence of a conspiracy, a plaintiff must also allege a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Id.*

Here, plaintiff has failed to plead a meeting of the minds among the alleged conspirators. The complaint lacks any factual detail indicating that defendants conspired with each other or to

deny plaintiff his Fourth Amendment rights. Without further facts implying that defendants agreed to deprive him of any constitutional rights, plaintiff fails to state a claim for civil conspiracy under 42 U.S.C. § 1983 and Missouri state law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants City of Cape Girardeau, Missouri and County of Cape Girardeau, Missouri are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's claims for excessive force and civil conspiracy are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 4]

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction is **DENIED**. [ECF No. 5]

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *State v. Wilson*, No. 16CG-CR02278-01 (32nd Judicial Circuit, Cape Girardeau County), as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Wilson*, No. 16CG-CR02278-01 (32nd Judicial Circuit, Cape Girardeau County), as well as any direct appeals and post-conviction proceedings.

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition of all direct appeals and post-conviction proceedings.

A separate order of partial dismissal will accompany this opinion, memorandum and order.

Dated this 9th day of August, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE